CARROLL, DONALD K., Acting Chief Judge.
The appellant was convicted of the crime of possessing marijuana by the Circuit Court for Bay County and has appealed from his judgment of conviction and sentence.
The sole question presented for our determination in this appeal is whether the trial court erred in refusing to grant the appellant’s request for a hearing outside of the jury’s presence for the purpose of determining the voluntary character of a confession obtained from the appellant.
The record shows that on March 21, 1969, the appellant was informed against for the crime of unlawful possession of a narcotic drug commonly known as marijuana, contrary to Section 398.03, Florida Statutes, F.S.A. On April 29, 1969, he filed a motion to suppress evidence, as well as a motion to suppress confessions, the latter motion being on the grounds that the confessions were secured from him in violation of his constitutional rights and that his statements were not freely and voluntarily given. This record does not show that this motion was ruled upon by the court prior to the trial.
The trial before a jury was held on June 16, 1969, the jury finding the appellant guilty as charged.
During the trial the State offered the appellant’s confession into evidence in the presence of the jury, and the appellant’s counsel announced: “At this time I would like the record to reflect defendant’s counsel moved the Court for a recess in order that the voluntariness of the confession could be determined.”
The trial court then said:
“The Motion will be denied, it appearing from the file that the Motion to Suppress the evidence was filed by defendant’s counsel April 29 and ample opportunity has been presented for an evi-dentiary hearing on the Motion. Counsel announced to the Court this morning that he did not desire that hearing and intended to take the matter up during the course of the trial. Counsel will be afforded an opportunity to submit any evidence he wants to in that connection during the trial.”
During the trial the following colloquy took place between the trial court and the appellant’s counsel concerning the appellant’s two motions to suppress. The court said: “I discussed this with you personally and you indicated, but it has not as yet been placed in the record, that you waived a hearing on those motions until the actual trial itself * * * And that any evidence that might bear on the question would be brought out at the trial and that the Court may rule on the motion during the trial today.” To both of these statements the appellant’s counsel responded: “Yes, sir, that is correct.” The appellee contends that thereby the appellant waived his right to a hearing on his motion to suppress his written statement.
That contention, in our opinion, is not sound, for nowhere in the quoted colloquy did the appellant’s counsel agree to a hearing at the trial before the jury on the question of the voluntariness of the confession, but he undoubtedly had in mind a hearing in the absence of a jury, a procedure that had long been the accepted practice in Florida. In that colloquy the court did not mention that it had in mind a hearing before the jury, which would determine the issue of voluntariness — a hearing that would be illegal under the doctrine laid down by the United States Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964).
In Brown v. State, 181 So.2d 578 (Fla.App.1966), cert. den. in Brown v. Wainwright, 188 So.2d 814 (Fla.1966), we had occasion to examine the background and legality of the practice in Florida of having the court, during the trial and in the absence of the jury, hear the evidence on the *35 question of the voluntariness of a confession and then rule on its voluntariness, especially in the light of the U. S. Supreme Court in Jackson v. Denno, supra. After considering this question in some depth we reached the conclusion that the said Florida practice is legal under the Denno decision. In our opinion in Brown we said:
“Nevertheless, as we read the majority opinion of the United'"States Supreme Court in this landmark case of Jackson v. Denno, supra, we do not believe that the decision can correctly be taken as holding that the Orthodox Rule, which is recognized in Florida and many other jurisdictions, infringes upon the constitutional rights of a defendant. This conclusion accords with our recent decision in Myrick v. State, Fla.App., 177 So.2d 845 (1965), in which we expressed our view that the ruling in the Denno case was ‘an expression of approval by the United States Supreme Court for the procedure which has long been the rule in Florida * * * >
“The procedure under the Orthodox Rule has practically none of the vices of the New York Rule as discussed in the above quotations from the Denno case. For instance, under the New York Rule the jury returns a general verdict and it is impossible to discover whether the jury found the confession to be voluntary or involuntary; while under the Orthodox Rule, as under the Massachusetts Rule, the record will show the judge’s conclusions as to the voluntariness, and his findings upon disputed issues of fact concerning voluntariness are expressly stated in, or may be ascertainable from, the record. On the other hand, we think it a fair inference from the Supreme Court’s said opinion that a judge, applying the Orthodox Rule, ought to conduct his examination of the voluntary nature of a confession in the absence of the jury, so that the jurors will not hear about the circumstances and contents of a confession in case the trial judge rejects the confession as involuntarily made. Such an inference would be in harmony with the rule which, we acknowledged earlier in this opinion, is firmly established in Florida — that it is a procedural error for the trial court to conduct such examination in the presence of the jury. As we also above pointed out, the rule is also well established in this state that such procedural error does not constitute a reversible error if the trial court concludes that the confession is voluntary and if the record supports such conclusion. As we said before, the latter situation prevails in the case at bar, so we hold that no reversible error was committed.”
In Jackson v. Denno, supra, the United States Supreme Court had under consideration the New York procedure concerning the determination of the voluntariness of a confession offered by the prosecution, under which the trial court excludes the confession if in no circumstances could it be deemed voluntary, but leaves to the jury the ultimate determination of its voluntary character, as well as its truthfulness, if the evidence presents a fair question as to its voluntariness. The majority of7the Supreme Court held that this New York procedure violated the due process clause of the Fourteenth Amendment. The danger inherent in the New York procedure, according to the Supreme Court, is as follows:
“The danger that matters pertaining to the defendant’s guilt will infect the jury’s findings of fact bearing upon voluntariness, as well as its conclusion upon that issue itself, is sufficiently serious to preclude their unqualified acceptance upon review in this Court, regardless of whether there is or is not sufficient other evidence to sustain a finding of guilt. In Jackson’s case, he confessed to having fired the first shot, a matter very relevant to the charge of first degree murder. The jury also heard the evidence of eyewitnesses to the shooting. Jackson’s testimony going to his physical and mental condition when he confessed and to the *36 events which took place at that time, bearing upon the issue of voluntariness, was disputed by the prosecution. The obvious and serious danger is that the jury disregarded or disbelieved Jackson’s testimony pertaining to the confession because it believed he had done precisely what he was charged with doing.”
The Supreme Court further said:
“It is difficult, if not impossible, to prove that a confession which a jury has found to be involuntary has nevertheless influenced the verdict or that its finding of voluntariness, if this is the course it took, was affected by the other evidence showing the confession was true. But the New York procedure poses substantial threats to a defendant’s constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined. These hazards we cannot ignore.”
A final reason given by the Supreme Court for invalidating the New York procedure is as follows:
“Another reason given by the Court for invalidating the New York rule is that it is inherently unfair and therefore unconstitutional to permit the jury to pass on voluntariness, since the jury, even though finding a confession to have been coerced, may nevertheless be unwilling to follow the court’s instruction to disregard it, because it may also believe the confession is true, the defendant is guilty, and a guilty person ought not be allowed to escape punishment.”
Reverting to the case at bar, we are of the view that there was nothing in the above colloquy at the trial that formed the basis for a waiver by the appellant of his right to a hearing before the court, in the absence of the jury, on the question of the voluntariness of his confession. There was nothing to indicate that the court had in mind a hearing before the jury—a procedure outlawed by the U. S. Supreme Court in Jackson v. Denno, supra. Under these circumstances the appellant waived no right.
Another argument made by the appellee in this appeal is that Rule 1.190(i), Florida Rules of Criminal Procedure, 33 F.S.A., sets forth the method for moving to suppress a confession or admission illegally obtained. That rule provides :
“(i) Motion to Suppress a Confession or Admissions Illegally Obtained.
“(1) Grounds. Upon motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
“(2) Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.’
“(3) Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.”
Analyzing this quoted rule, we find nothing therein that suggests that, if the trial court exercises his discretion to entertain the motion to suppress at the trial, the evidence as to voluntariness would be heard by the jury and the question determined by them. If anything, the opposite seems to us to be indicated, and there is nothing in the said rule to suggest an intention to depart from the time-honored practice in this state in which a hearing is held during a trial in the absence of the jury on the question of the voluntariness of a confession.
As mentioned above, the appellant’s confession was admitted into evidence be *37 fore the jury, without a hearing before the trial court, in the absence of the jury, as to the voluntariness of the confession. Such admission, we think, was erroneous. The error was highly prejudicial to the appellant, for, without the confession, there was no evidence that he knew that the automobile, in which he and four others were riding, contained marijuana.
The final judicial problem in this appeal concerns the instructions tó be given to the trial court upon our reversal of the judgment appealed from and upon the remand of this cause. This problem arises from the fact that in the concluding part of the majority opinion in Jackson v. Denno, supra, the U. S. Supreme Court said:
“Obviously, the State is free to give Jackson a new trial if it so chooses, but for us to impose this requirement before the outcome of the new hearing on vol-untariness is known would not comport with the interests of sound judicial administration and the proper relationship between federal and state courts. We cannot assume that New York will not now afford Jackson a hearing that is consistent with the requirements of due process. Indeed, New York thought it was affording Jackson such a hearing, and not without support in the decisions of this Court, when it submitted the issue of voluntariness to the same jury that adjudicated guilt. It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence. But as to Jackson, who has already been convicted and now seeks collateral relief, we cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary. Accordingly, the judgment denying petitioner’s writ of habeas corpus is reversed and the case is remanded to the District Court. to allow the State a reasonable time to afford Jackson a hearing or a new trial, failing which Jackson is entitled to his release.
“Reversed and remanded.”
Such a disposition on remand, in our opinion, is inappropriate in the case at bar. In the first place, the Jackson case was a habeas corpus proceeding and involved a judgment entered by a court in another sovereignty — a state court of New York. Here we are directly reviewing a judgment entered by an inferior state court in our jurisdiction. Even if this were not so, we do not deem ourselves bound to follow thé rulings of the federal courts in procedural matters like instructions on remand.
In any event, the precepts of justice under law, we think, can best be observed by awarding a new trial to the appellant, with directions to the trial court to hold an evidentiary hearing, either before or during the retrial, in the absence of the jury, as to the issue of the voluntariness of the appellant’s confession. In many cases in which a confession was held to be improperly admitted in evidence at the trial, the Supreme Court of Florida reversed the judgment and awarded a new trial. See, for example, Crawford v. State, 70 Fla. 323, 70 So. 374 (1915), Harrison v. State, 149 Fla. 365, 5 So.2d 703 (1942), and Reddish v. State, 167 So.2d 858 (1964).
Therefore, the judgment appealed from must be, and it is, reversed and the cause is remanded with directions for a retrial and for holding an evidentiary hearing, either before or during the retrial, in the absence of the jury, for the purpose of determining the voluntariness of the appellant’s confession.
Reversed and remanded with directions.
SPECTOR, J., concurs.
WIGGINTON, J., concurs in part, dissents in part.