PER CURIAM.
Defendant seeks appellate review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of causing the death of a human being by the operation of a motor vehicle while intoxicated, contrary to the provisions of law.[1] The sole point on appeal challenges the trial court’s denial of his motion for a new trial on the ground that the court erred in refusing to grant him an evidentiary hearing out of the presence of the jury on his motion to suppress a confession made by him because it was involuntarily given.
From the record it appears without dispute that during the progress of the trial while the State was putting on its evidence, the county sheriff was called as a witness. After a few preliminary questions and answers, the jury was excused in order that the State might proffer an al: leged confession made by appellant to the sheriff following the incident out of which this prosecution arose. In this proffer the sheriff testified that after administering the Miranda warnings to appellant and securing from him a waiver of his constitutional rights, appellant told the sheriff that at the time and place in question he had “bumped a woman” in front of the bank building and continued on in his automobile. At the conclusion of the sheriff’s proffered testimony, appellant’s trial counsel requested the court for permission to place defendant on the stand for the purpose of offering testimony bearing on the question of the voluntariness of the statements made by him to the sheriff as testified to by the latter in his proffer. The court denied defendant’s request, noting that it would permit defendant only to cross-examine the sheriff concerning his proffered testimony. When defendant’s counsel declined to cross-examine the sheriff, the court ruled that it would admit into evidence the proffered testimony of the sheriff concerning defendant’s confession. When the jury returned to the courtroom, *708 the sheriff completed his testimony concerning- defendant’s confession as testified to in his proffer.
After the jury returned its verdict of guilty, appellant filed in the cause his motion for new trial which included as one of its grounds the allegation that the court erred in denying him the right to testify in the absence of the jury concerning the vol-untariness of the confession given by him to the sheriff. After hearing, the court rendered its order in which it held that upon further consideration it concluded that it had erred in denying appellant the right to testify outside the presence of the jury concerning the voluntariness of his confession. Because of such confessed error on its part, the trial court deferred ruling on appellant’s motion for a new trial and directed that an evidentiary hearing be held for the purpose of determining- the voluntariness of appellant’s confession. The order recited that only if after such hearing the court found and determined that the confession by appellant was involuntarily given, would justice require the granting of a new trial. A full evidentiary hearing was subsequently held and both parties were granted the opportunity of offering such evidence as they had concerning the voluntariness of appellant’s confession. The record reflects that at the commencement of the hearing appellant’s counsel announced that he had no evidence to offer concerning the voluntariness of appellant’s confession, but he would stand on his motion for new trial and insisted that a new trial on all issues, including the guilt or innocence of defendant, be granted. Because of this announcement the court adjourned the hearing, denied appellant’s motion for a new trial and rendered the judgment of conviction and sentence which is appealed herein.
The primary question raised by appellant concerns the procedure followed by the trial court in disposing of his motion for new trial. He contends that once the trial court acknowledged its error in denying him the right to a full evidentiary hearing during the course of the trial outside the jury’s presence on his motion to suppress the confession, it had no alternative but to set aside the verdict of guilty rendered by the jury and to grant him a new trial on all issues in the case.
Rule 3.190(i), Rules of Criminal Procedure, 33 F.S.A., provides that a motion to suppress a confession or admissions, illegally obtained shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial. The rule further provides that at the hearing on such motion, the court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.
The landmark case in this country concerning the procedure to be followed in disposing of a motion to suppress a confession or admission in order to accord a defendant full protection of his constitutional rights is that of Jackson v. Denno [2] decided by the Supreme Court of the United States. In this case the trial court denied the defendant’s motion for an evidentiary hearing on the voluntariness of the confession sought to be introduced in evidence against him by the state. In denying such motion, the trial court ruled that both parties could submit evidence on the issue of voluntariness during the trial and by its verdict the jury would determine this issue. The Supreme Court held that such procedure violated the defendant’s constitutional rights to due process and equal protection of the laws which required that the issue of voluntariness be actually and reliably-determined by the court out of the presence of the jury before permitting it to be offered into evidence. Such procedure has come to be known as the Orthodox Rule followed by most jurisdictions in this country, and which was followed by this court *709 in the cases of Allen v. State[3] and Kitchens v. State.[4] Based upon the foregoing authorities we hold that the trial court in the case sub judice was eminently correct when, in consideration of appellant’s motion for new trial, it confessed the commission of error when it denied appellant’s motion for an evidentiary hearing out of the jury’s presence on the voluntariness of his alleged confession.
The primary question with which we are concerned is whether the trial court departed from the essential requirements of law in deferring ruling on appellant’s motion for a new trial and directing that a .full evidentiary hearing be held for the purpose of determining whether appellant’s confession as testified to by the county sheriff was voluntarily given. As stated above, in its order the trial court stated that if the evidence adduced at such hearing established that appellant’s confession was not voluntarily given, a new trial would be granted; otherwise, it would be denied and a judgment would be rendered upon the verdict of guilty. This identical question was posed to the Supreme Court of the United States in Jackson v. Denno, supra, upon which decision this court relied in rendering its opinions in the Allen and Kitchens cases cited above. In disposing of the question of the procedure to be followed in that case, the Supreme Court said:
“It is New York, therefore, not the federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled — an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. Jackson’s position before the District Court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the state court. But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson’s confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an eviden-tiary hearing, redetermines the facts and decides that Jackson’s confession was involuntary, there must be a new trial on guilt or innocence without the confession’s being admitted in evidence.
“Obviously, the State is free to give Jackson a new trial if it so chooses, but for us to impose this requirement before the outcome of the new hearing on vol-untariness is known would not comport with the interests of sound judicial administration and the proper relationship between federal and state courts.
From the foregoing it is self-evident that the Supreme Court did not consider that the error committed by the trial court in denying the defendant an independent hearing on its motion to suppress was such *710 an error that automatically required a granting of a new trial on all issues of the case. That court determined that only if a post-trial hearing established that the confession was involuntarily given would a new trial be granted; otherwise, the judgment of conviction and sentence would stand unless reversed by an appellate court on other grounds. This holding was subsequently followed by the Supreme Court in its decision rendered in the case of Sigler v. Parker.[5]
A similar conclusion as those reached in Jackson v. Denno, supra, and Sigler v. Parker, supra, was reached by our own Supreme Court in the case of Fowler v. State.[6] In Fowler, defendant made a pretrial motion for the appointment of expert witnesses to examine defendant for the purpose of determining whether he was sane at the time he committed the crime with which he was charged and whether he was mentally competent to stand trial. In response, to this motion the trial court appointed three doctors who examined defendant, two of whom found him to be insane and not competent to stand trial but the third reached a contrary conclusion. Without holding the evidentiary hearing requested in defendant’s original motion for the appointment of experts to examine him, the trial court rendered an order finding defendant to be competent and ordering the case set for trial.
Upon consideration of the points urged on appeal, the Supreme Court held that the trial court erred in failing to grant defendant’s motion for an evidentiary hearing on the issue of insanity and incompetency prior to the commencement of the trial. This holding, however, was not considered sufficient to automatically grant defendant a new trial as requested by his post-trial motion. In so holding, the Supreme Court of Florida said:
“However, our finding in this regard does not require vacation of the judgment and sentence entered against defendant at this time. Knight v. State, 164 So.2d 229 (Fla.App.3rd, 1964); United States v. Walker, 301 F.2d 211 (6 Cir.1962). Instead, the cause is temporarily remanded to the Circuit Court of Pinellas County with directions that the claim of insanity at the time of trial be determined in a full hearing as required by CrPR 1.210(a). If upon such hearing the trial court determines that the defendant was sane at the time of trial, the court is ordered to forthwith transmit the entire record of the case, including a transcript of the sanity hearing, and a copy of the trial judge’s order finding defendant sane, back to this court. At such time we will consider defendant’s remaining points on appeal as raised by the briefs and argument previously submitted to the court. We decline to adjudicate defendant’s remaining contentions at this time because a finding of insanity at the time of trial would invalidate the entire trial proceeding and thereby render defendant’s remaining arguments moot. Horace v. Culver, 111 So.2d 670 (Fla.1959); Perkins v. Mayo, 92 So.2d 641 (Fla.1957); and Deeb v. State, 118 Fla. 88, 158 So. 880 (1935).
“If, however, the trial Court shall determine the defendant was insane at the time of trial but is now sane, the Court is directed to vacate the adjudication of guilt and sentence, to give the defendant an opportunity to replead, and to set a new trial date; or if the holding of the trial court shall be that the defendant was insane at the time of trial and is now or remains insane, the Court is directed to vacate the adjudication of guilt and sentence and commit the defendant to the proper institution. . . . ”
It thus appears that the Supreme Court of Florida in Fowler, supra, followed the same procedure as was adopted by the Supreme Court of the United States in Jack *711 son, supra, each court refusing to order a new trial because of the error committed by the trial court in denying the defendants in each of those cases an independent evidentiary hearing out of the presence of the jury on their pretrial motions, but instead ordering that post-trial evidentiary hearings be held for determining the issues raised by such motions. Each court agreed that if as a result of such evidentiary hearings the defendant’s confession in Jackson was found to be voluntary or that the defendant in Fowler was found to be sane and competent, then the judgments of conviction and sentence would be affirmed; otherwise, they would be set aside and new trials granted at that time.
The trial court in the case sub jud-ice followed precisely the reasonable and well-conceived procedure adopted and followed by the supreme courts in the two cases mentioned above. By following such procedure, the constitutional rights of the defendant were protected and his right to a fair trial preserved. If the confession in this case was voluntarily given, and appellant declined the opportunity granted him by the court to prove otherwise, then there was no necessity for a retrial of this case on all issues including the defendant’s guilt or innocence, which issue has already been determined by the jury. Our court dockets are entirely too congested and the time of our judges, attorneys, jurors, and witnesses too heavily encumbered to require useless and expensive trials which will serve no real purpose. Because of the foregoing reasons and upon the authorities above cited, we are of the view that the trial court did not abuse its discretion or commit reversible error in the procedure followed by it in the case sub judice, and its judgment and sentence should be affirmed.
Admittedly, this court, in the split decisions rendered in the Allen and Kitchens cases, supra, reached a contrary conclusion and held that under circumstances identical with those in the case sub judice the judgments of conviction should be set aside and new trials granted. The court elected to reject the procedure outlined by the Supreme Court of the United States in Jackson, supra, for the stated reason that Jackson was a habeas corpus proceeding while Allen and Kitchens were cases of direct appeal from the final judgments of conviction. We submit that such a finely spun distinction possesses but a shadow of a difference. It falls far short of justifying the necessity of going to the time and expense of retrying this case with the possibility of dismissal which might result from the absence of witnesses and the loss or destruction of evidence. The procedure which we required to be followed in Allen and Kitchens is contrary to that authorized and sanctioned by the Supreme Court of Florida in Fowler, supra, which incidentally was a case involving a direct appeal from a judgment of conviction and sentence, as is the case sub judice, and as were the cases of Allen and Kitchens. Parenthetically, our Supreme Court in reaching its decision in Fowler based it upon and cited with approval the case of United States v. Walker [7] which was a ha-beas corpus proceeding similar to the Jackson case. Thus, our own Supreme Court has prescribed a uniform procedure for handling matters of this kind regardless of whether the appellate review is by direct appeal or by habeas corpus.
Because of the conflicting opinions existing on this court concerning the proper procedure which should be followed in cases of this kind, we will file our certificate in the case holding our decision to be one involving a question of great public interest so that certiorari may be entertained by the Supreme Court and an authoritative rule of law promulgated which will hereafter govern the issue involved herein.
Although Judge Spector concurred in the majority opinion in Allen v. State, supra, approving the granting of a new trial on all issues where the Jackson v. Denno rule *712 had been violated rather than a post-trial evidentiary hearing on the issue of volun-tariness only, he now recedes from that view not only because of the superseding effect of our Supreme Court’s decision in Fowler, supra, but because upon reconsidering and reweighing the countervailing arguments bearing on the issue he simply feels his concurrence in Allen was erroneous.
We have carefully considered appellant’s remaining point on appeal but find it to be without substantial merit. The judgment appealed is accordingly affirmed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.
JOHNSON, J., dissents.

. F.S., § 860.01, F.S.A.

. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 925, 926, 1 ALR3d 1205.

. Allen v. State, (Fla.App.1970) 239 So.2d 33.

. Kitchens v. State, (Fla.App.1970) 240 So.2d 321.

. Sigler v. Parker, 396 U.S. 482, 90 S.Ct. 667, 24 F.Ed.2d 672.

. Fowler v. State, (Fla.1971) 255 So.2d 513, 515, 516.

. Under States v. Walker, (6 Cir.1962) 301 F.2d 211.