293 So.2d 704 (1974)
Leo LAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 44269.
Supreme Court of Florida.
March 20, 1974.
Rehearing Denied May 22, 1974.
David J. Busch, Asst. Public Defender; and Robert C. Parker, Jr., Special Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, First District. That court has certified that its decision, reported at 280 So.2d 706, is one passing upon a question of great public interest, giving this Court jurisdiction under Article V, Section 3(b)(3), of the Constitution of the State of Florida, F.S.A.
The facts of the case, as reported by the District Court, are as follows:
"Defendant seeks appellate review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of causing the death of a human being by the operation of a motor vehicle while intoxicated, contrary to the provisions of law. The sole point on appeal challenges the trial court's denial of his motion for a new trial on the ground that the court erred in refusing to grant him an evidentiary hearing out of the presence of the jury on his motion to suppress a confession made by him because it was involuntarily given.
"From the record it appears without dispute that during the progress of the trial *705 while the State was putting on its evidence, the county sheriff was called as a witness. After a few preliminary questions and answers, the jury was excused in order that the State might proffer an alleged confession made by appellant to the sheriff following the incident out of which this prosecution arose. In this proffer the sheriff testified that after administering the Miranda warnings to appellant and securing from him a waiver of his constitutional rights, appellant told the sheriff that at the time and place in question he had `bumped a woman' in front of the bank building and continued on in his automobile. At the conclusion of the sheriff's proffered testimony, appellant's trial counsel requested the court for permission to place defendant on the stand for the purpose of offering testimony bearing on the question of the voluntariness of the statements made by him to the sheriff as testified to by the latter in his proffer. The court denied defendant's request, noting that it would permit defendant only to cross-examine the sheriff concerning his proffered testimony. When defendant's counsel declined to cross-examine the sheriff, the court ruled that it would admit into evidence the proffered testimony of the sheriff concerning defendant's confession. When the jury returned to the courtroom, the sheriff completed his testimony concerning defendant's confession as testified to in his proffer.
"After the jury returned its verdict of guilty, appellant filed in the cause his motion for new trial which included as one of its grounds the allegation that the court erred in denying him the right to testify in the absence of the jury concerning the voluntariness of the confession given by him to the sheriff. After hearing, the court rendered its order in which it held that upon further consideration it concluded that it had erred in denying appellant the right to testify outside the presence of the jury concerning the voluntariness of his confession. Because of such confessed error on its part, the trial court deferred ruling on appellant's motion for a new trial and directed that an evidentiary hearing be held for the purpose of determining the voluntariness of appellant's confession. The order recited that only if after such hearing the court found and determined that the confession by appellant was involuntarily given, would justice require the granting of a new trial. A full evidentiary hearing was subsequently held and both parties were granted the opportunity of offering such evidence as they had concerning the voluntariness of appellant's confession. The record reflects that at the commencement of the hearing appellant's counsel announced that he had no evidence to offer concerning the voluntariness of appellant's confession, but he would stand on his motion for new trial and insisted that a new trial on all issues, including the guilt or innocence of defendant, be granted. Because of this announcement the court adjourned the hearing, denied appellant's motion for a new trial and rendered the judgment of conviction and sentence which is appealed herein.
"The primary question raised by appellant concerns the procedure followed by the trial court in disposing of his motion for new trial. He contends that once the trial court acknowledged its error in denying him the right to a full evidentiary hearing during the course of the trial outside the jury's presence on his motion to suppress the confession, it had no alternative but to set aside the verdict of guilty rendered by the jury and to grant him a new trial on all issues in the case.
"Rule 3.190(i), Rules of Criminal Procedure, 33 F.S.A., provides that a motion to suppress a confession or admissions, illegally obtained shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion *706 or an appropriate objection at the trial. The rule further provides that at the hearing on such motion, the court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion."[1]
On the basis of the foregoing facts, the District Court held that the refusal to set aside the verdict finding the defendant guilty, and the refusal to grant a new trial on all of the issues in the case, because the defendant had been erroneously denied the right to testify outside the presence of the jury concerning the voluntariness of his confession, and the deferral of a ruling on his motion for new trial until a full evidentiary hearing could be held to determine whether the defendant's confession was voluntary, was not an abuse of discretion. We hereby reverse the decision of the District Court, for reasons which will be set forth below.
The State attempted to establish the predicate for the admission of Petitioner's inculpatory statement to the sheriff. The sheriff's testimony was taken outside the presence of the jury. Petitioner, however, was denied an opportunity to testify outside the presence of the jury for the limited purpose of disputing the voluntariness of the confession. Defense counsel was careful to preserve the record in that regard:
"MR. MAYO: Yes, sir. Your Honor, I would like to ask the court in view of the seriousness of this to first at this time rule whether or not the Court is going to allow me at this proceeding to introduce further evidence under the theory that I have a right to present evidence as to the voluntariness of this. Would the court rule on that proposition?
"THE COURT: Yes, sir. I am going to deny your motion to produce the Defendant's testimony on this point at this time. I will permit you to cross-examine him, the sheriff, any way you wish you to cross-examine him. When you have completed the cross-examination of the sheriff it's the Court's opinion that at that point the Court should rule on whether or not this statement should go to the jury and if you have further cross-examination of the sheriff I will permit it.
* * * * * *
"THE COURT: Alright. The Court rules that  the Court is going to permit the testimony of the sheriff concerning the statements of the Defendant to go to the jury for their consideration.
"MR. MAYO: Now, further to clarify the record will the record reflect that I am objecting to the Court's ruling on the grounds that the Court has denied the Defendant to present further evidence concerning the matters which is necessary for the Court to rule upon the voluntariness of the confession.
"THE COURT: Let the record so show.
* * * * * *
"MR. MAYO: We understand that we are talking about at this proceeding, the Court is denying me the right to put the Defendant on the stand solely for this proceeding.
"THE COURT: That is what the court ruled. Let the jury come back."
The trial court's ruling was clearly erroneous under Florida law. Graham v. State.[2] The trial court recognized its mistake, and admitted having erred in its Order on Motion for New Trial, where it stated:
"In Defendant's Motion for New Trial, he has properly noted that the court *707 erred in denying him the right to testify outside of the presence of the jury concerning the voluntariness of the confession given to Sheriff Belser. Allen v. State, 1st D.C.A., 1970, 239 So.2d 33 and Kitchens v. State, 1st D.C.A., 1970, 240 So.2d 321."
The trial court concluded, however, that such error did not require the granting of a new trial. In reaching this conclusion, the trial court reasoned:
"This Court, however, is of the opinion that the error does not require the granting of a new trial at this time, but a hearing should be held to determine the voluntariness issue. Only if after said hearing the Court finds the statement involuntary does justice require the granting of a new trial."
Accordingly, the trial court held a post-trial evidentiary hearing for the purpose of allowing Petitioner an opportunity to present testimony concerning the voluntariness of his confession which had previously been submitted to the jury. At this hearing, defense counsel announced a decision not to proceed further with such an evidentiary hearing on the grounds that such a post-trial proceeding was improper under recent decisional law and denied Petitioner the right to be accorded due process of law. The trial court thereupon denied Petitioner's Motion for New Trial, and entered judgment and sentence. By a split decision, the District Court affirmed the trial court's judgment, and adopted its reasoning as to the necessity for granting new trials under such circumstances. In so doing, the court relied heavily on Jackson v. Denno,[3] and this Court's decision in Fowler v. State.[4] We are of the opinion, however, that the District Court's reliance on those decisions is misplaced.
In Jackson, defendant Jackson was taken to a hospital following a shootout with a New York City policeman. Jackson was seriously wounded, and he received doses of demerol and scopolamine, following which, he was questioned by an Assistant District Attorney, under conditions that appeared to be coercive. He gave a confession, which was later admitted into evidence under the "New York" Rule, and the jury returned a verdict finding Jackson guilty of murder in the first degree. (Briefly, the "New York" Rule allowed a trial judge to leave the question of voluntariness to the jury if there was a factual conflict in the evidence as to voluntariness over which reasonable men could differ.)
The Supreme Court of the United States, in reviewing Jackson's conviction, found that the "New York" Rule violated Jackson's constitutional rights to due process and equal protection of the laws which required "a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend."[5] In disposing of the case, the Court held that Jackson was entitled to an evidentiary hearing on the voluntariness issue and stated:
"It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. Jackson's position before the District Court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the state court. But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible into evidence, and properly to be considered by the jury, we *708 see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty."[6]
The Court then stated:
"It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence."[7]
As dissenting Judge Johnson aptly noted in his opinion below, this latter statement is a mandate for state courts to hold the evidentiary hearing prior to trial. Otherwise, the result is "piecemeal" prosecution. Where the hearings come after the trial, the likely result is that judges, who are concerned with, as was the majority below, "court dockets [that] are entirely too congested."[8] become somewhat less sensitive to due process considerations, and see retrials as "useless and expensive trials which will serve no real purpose."[9] We, however, are convinced that, when a man's liberty is at stake, considerations of due process outweigh those of economics. In the words of dissenting Judge Johnson:
"... I have serious doubts that a trial judge, after a conviction by a jury composed of fellow community members and probable friends of whose opinion he may view with high regard, can anymore be uninfluenced by such jury conviction than the jury can be uninfluenced by the fact of a confession."[10]
Fowler v. State,[11] relied on by the majority below, cannot serve as precedent in this area. In Fowler, defense counsel requested a sanity hearing under then Rule 1.210(a), Florida Rules of Criminal Procedure, 33 F.S.A., prior to trial. Instead, the trial court judge read the reports of three doctors, and found the defendant fit to stand trial. This Court temporarily remanded the cause for an evidentiary hearing to determine the claim of insanity at the time of trial, with instructions to vacate the adjudication of guilt and sentence if the defendant was found to be insane. If not found insane, this Court was to further exercise its jurisdiction on the merits. Fowler has nothing to do with confessions. There is no reference to the explicit language of Jackson v. Denno, supra, directing new trials in the future where hearings as to the voluntariness of the confession are held. The majority in the District Court below has seized upon a narrow holding and rather unique disposition in Fowler, and has misapplied it to an area of criminal law for which it is ill-suited. As further noted by dissenting Judge Johnson:
"I feel that the distinction between the Fowler case and the case sub judice lies in the fact that the failure to afford a plenary hearing before trial on the issue of competence to stand trial is not such as would necessarily affect the choice of evidentiary considerations to be subsequently presented to the jury. On the other hand, the trial court's disposition of the issue of voluntariness of a challenged confession gives rise to an impact on the entire trial proceedings and dictates, to a considerable extent, the trial strategy to be utilized by defense counsel, including evidentiary considerations to be presented to the jury. I do not believe that the procedure approved in Fowler commands the adoption of such a post-trial corrective hearing for the issue concerns the voluntariness of a confession."[12]
In an additional memorandum, submitted after argument, the State has urged that *709 our decision in the instant case should be controlled by Swenson v. Stidham,[13] recently decided by the Supreme Court of the United States. Swenson, however, is distinguishable from the instant case for the following reasons:
1. In Swenson, the trial court originally held a full evidentiary hearing as to the voluntariness of the confession outside the presence of the jury. In the instant case, there was no such hearing.
2. In Swenson, the trial court allowed defense counsel "... to proceed to challenge the voluntariness of the statement and confession, even before the jury ...". In the instant case, defense counsel was only allowed to cross-examine one witness, the sheriff.
3. In Swenson, the original trial was held in 1955, prior to Jackson v. Denno, supra. Twelve years later, following the Jackson decision, a new evidentiary hearing was ordered to insure that the Missouri procedure comported with the Jackson rule. In the instant case, the original trial was held in 1972, subsequent to the Jackson decision. A single post-trial evidentiary hearing was held because of the "confessed error" of the trial judge in failing to hold a proper hearing as provided under the Jackson rule and numerous Florida decisions before and after Jackson.
4. In Swenson the issue, given the above facts, was:
"[W]hether, absent further state court proceedings to determine the voluntariness of his confession, petitioner's 1955 conviction for murder is vulnerable to attack under the Fourteenth Amendment as construed and applied in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964)."[14]
The Swenson Court held that "The Jackson v. Denno error, if any, was [sufficiently] remedied" (emphasis supplied), but that the federal habeas corpus issue required a remand for determination as to whether the confession was "involuntary and inadmissible as a matter of [federal] law". In the instant case, given the fact of no evidentiary hearing before or during the trial, the issue is whether established state court procedure as well as the Jackson prospective ruling, requires a new trial.
In any event, as the District Court correctly observed in its opinion in Allen v. State,[15] this Court has reversed judgments, and ordered new trials in numerous cases in which a confession was held to be improperly admitted in evidence at trial.[16] As Judge Carroll wrote for the District Court in Allen:
"[T]he precepts of justice under law, we think, can best be observed by awarding a new trial to the appellant, with directions to the trial court to hold an evidentiary hearing, either before or during the retrial, in the absence of the jury, as to the issue of the voluntariness of the appellant's confession."[17]
We are thus today compelled to grant Petitioner a new trial under those same "precepts of justice".
Accordingly, the opinion of the District Court of Appeal is quashed, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, McCAIN and CARLTON (Retired), JJ., concur.
ADKINS, C.J., and ROBERTS and DEKLE, JJ., dissent.
NOTES
[1] 280 So.2d at 707-708 (Footnote omitted).
[2] 91 So.2d 662 (Fla. 1956). See also Bates v. State, 78 Fla. 672, 84 So. 373 (1919); Kitchens v. State, 240 So.2d 321 (Fla.App.1st 1970); Allen v. State, 239 So.2d 33 (Fla.App. 1st 1970).
[3] 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).
[4] 255 So.2d 513 (Fla. 1971).
[5] 378 U.S. at 391, 84 S.Ct. at 1788 (Footnote omitted.)
[6] Id. at 394, 84 S.Ct. at 1790.
[7] Id. at 395, 84 S.Ct. at 1791. (Emphasis supplied.)
[8] 280 So.2d at 711.
[9] Id.
[10] Id. at 713 (Emphasis supplied.)
[11] See note 4, supra.
[12] 280 So.2d at 714. (Emphasis supplied.)
[13] 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972).
[14] Id. at 225, 93 S.Ct. at 361.
[15] See note 2, supra.
[16] See, e.g., Reddish v. State, 167 So.2d 858 (Fla. 1964); Harrison v. State, 149 Fla. 365, 5 So.2d 703 (1942); Crawford v. State, 70 Fla. 323, 70 So. 374 (1915).
[17] 239 So.2d at 37. To the same effect is Kitchens v. State, 240 So.2d at 323.