305 So.2d 19 (1974)
In the Interest of Floyd Steven HUSK, a Child, Appellant,
v.
STATE of Florida, Appellee.
No. U-247.
District Court of Appeal of Florida, First District.
October 22, 1974.
Rehearing Denied December 10, 1974.
*20 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was charged with being a delinquent child in a petition for murder in the second degree and was adjudged to be a delinquent child under Ch. 39, Florida Statutes. One of appellant's three points on appeal is that the trial court erred in denying his motion to suppress his confession without making an express finding that it was voluntarily given. The record shows that after hearing appellant's motion to suppress the confession, the trial judge simply entered an order stating, "The child's motion to suppress the confession in this cause is denied."
The Supreme Court of Florida in McDole v. State, Fla., 283 So.2d 553 (1973), quoted from the opinion of the United States Supreme Court in Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967) as follows:
"... It is not for the jury to make the primary determination of voluntariness. Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity."
The Florida Supreme Court went on to say:
"We do not believe that such `unmistakable clarity' appears simply from the trial judge's statement that the motion to suppress the confessions is denied. The requirement of the Fourteenth Amendment is that the trial judge make a determination that the confession was freely and voluntarily given before he allows it to be considered by a jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). A specific finding of voluntariness is necessary to insure that a judge has properly met this requirement..."
While the case sub judice was a trial by the court without a jury, we do not find that such would abrogate the constitutional requirement that the judge's conclusion that the confession is voluntary appear from the record with unmistakable clarity.
In view of the foregoing, we will follow the pattern set by our sister court in Graham v. State, Fla.App. (3d), 292 So.2d 373, and for the purpose of disposing of the issue of the court's making an unequivocal and explicit finding of voluntariness, this court relinquishes jurisdiction and remands this case to the trial judge to consider and then rule explicitly on the voluntariness of the defendant's confession with or without oral argument thereon as the trial judge shall choose, promptly after an order is made on the issue of voluntariness as herein provided for, counsel for the appellant shall file herein a certified copy of such order. Further proceedings taken by this court on this appeal shall be as indicated or required dependent upon the order which shall be made on the issue of an explicit *21 finding of voluntariness of the defendant's confession.
It is so ordered.
RAWLS, C.J., and McCORD and JOHNSON, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
By his petition for rehearing, appellant contends that we overlooked the Supreme Court's opinion in Land v. State, Fla., 293 So.2d 704 (1974), which reversed this court's opinion in Land v. State, Fla.App. (2d), 280 So.2d 706 (1973), in that we have relinquished jurisdiction to the trial judge "to consider and then rule explicitly on the voluntariness of the defendant's confession" rather than reverse for a new trial. Unlike Land, however, this was a trial before the court without a jury. The trial judge heard all of the evidence offered by both sides on the question of voluntariness of the confession and then admitted it in evidence without making an unequivocal and explicit finding of voluntariness. Had this been a jury trial, we would, of course, remand for a new trial as the defendant would have been entitled to a hearing on the question of voluntariness of the confession before the court out of the presence of the jury and would have been entitled to a ruling by the court that the confession was voluntary before it was submitted to the jury for its consideration. In Land, the Supreme Court pointed out that the defendant "was denied an opportunity to testify outside the presence of the jury for the limited purpose of disputing the voluntariness of the confession." Such is not parallel to the case sub judice because it was not a jury trial. In this connection, the Supreme Court in Land quoting from the opinion of the United States Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, said:
"It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence." (Emphasis supplied)
The Florida Supreme Court in Land then quoted from the dissenting opinion of Judge Dewey Johnson of this Court in our opinion in Land as follows:
"... I have serious doubts that a trial judge, after a conviction by a jury composed of fellow community members and probable friends of whose opinion he may view with high regard, can any more be uninfluenced by such jury conviction than the jury can be uninfluenced by the fact of a confession." (Emphasis supplied)
This basis for the Land ruling is, of course, also not applicable in the case sub judice, this having been a trial without a jury. Here a full evidentiary hearing on the question of the voluntariness of the confession was held before the court  the trier of both the law and the facts. The only right denied to the defendant was the right to have the court rule that the confession was either voluntary or involuntary and to not consider it if involuntary. Under the circumstances of this case, a ruling by the trial judge on this question at this time will not infringe upon any of the defendant's rights.
Rehearing denied.
RAWLS, C.J., and McCORD and JOHNSON, JJ., concur.