ON PETITION FOR REHEARING
McCORD, Judge.
We have considered the petition for rehearing filed by the state and we have reviewed this cause and our judgment of reversal. Though not cited by the state, we find that in our opinion filed in this cause on December 10, 1974, we overlooked the opinion of the Supreme Court of Florida filed November 27, 1974, in Wilson v. State, Fla., 304 So.2d 119. In Wilson, as in the case sub judice, the trial court made no specific ruling and finding that the confession was voluntary. The Supreme Court pointed out the difference in the factual situations between Wilson and Mc-Dole v. State, Fla., 283 So.2d 553, in which latter case it held that the mere announcement by the trial court after hearing on a motion to suppress a confession that “the motion is denied” does not sufficiently indicate that the judge had made the required determination that the confession was voluntarily given before allowing it to be considered by the jury. The court pointed out that in McDole there was evidence of brutality presented, but in Wilson no brutality was suggested. In Wilson the court said:
“Under the circumstances advanced for review, we can only conclude that the trial judge correctly determined that the confession was ‘voluntary’ by virtue of *759 his denial of appellant’s motion to suppress.”
The court also said:
“While it is true that the State must show by a preponderance of the evidence that a confession was voluntary . . . , nevertheless, there are many instances in an evidentiary hearing where certain apparent impervious occasions arise. Wisdom and reasoning must then be applied in resolving the ultimate conclusion to be drawn from the given set of facts.”
The case sub judice presents such a situation. The record is devoid of any objection by appellant’s counsel at the trial in relation to the confession. In addition, there was no evidence presented which reflected that the confession was anything other than voluntary.
We now reconsider whether or not the failure of the trial court to hold the hearing on the motion to suppress the confession outside of the jury’s presence was reversible error. In our previous opinion, we ruled in the affirmative on this question, citing Land v. State, Fla., 293 So.2d 704; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; and In the Interest of: Floyd Steven Husk, a child, v. State, Fla.App., 305 So.2d 19. In Land the jury was excused in order that the state might proffer the sheriff’s testimony as to an alleged confession by the defendant. After hearing the sheriff’s testimony, defendant’s counsel requested the court’s permission to place the defendant on the stand for the purpose of offering testimony bearing on the question of vol-untariness of the statement, and the trial court denied the request, stating that it would only permit the defendant to cross-examine the sheriff concerning the proffered testimony. When the jury returned to the courtroom, the sheriff completed his testimony concerning defendant’s confession as testified to in the proffer. Later, on motion for new trial, the court concluded that it had erred in denying appellant the right to testify outside of the presence of the jury concerning the voluntariness of his confession. The court then, after trial, held an evidentiary hearing on such question and ruled the confession voluntary. The Supreme Court held the court erred in denying the defendant an opportunity to testify outside of the presence of the jury for the limited purpose of disputing the voluntariness of the confession. Thus, in Land there was objection at the trial by the defendant as to the failure to hold a full evidentiary hearing out of the presence of the jury before determining the volun-tariness of the confession and its submission to the jury.
In Jackson the Supreme Court of the United States stated as follows:
“A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.” (Emphasis supplied)
******
“It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence.”
Later in Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31, the United States Supreme Court, in further clarification, said:
“. . . This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 [1 A.L.R.3d 1205] (1964), held that a defendant’s constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing. A confession by the defendant found to be involuntary by the trial judge is not to be heard by the jury which determines his guilt or innocence. Hence, *760 because a disputed confession may be found involuntary and inadmissible by the judge, it would seem prudent to hold voluntariness hearings outside the presence of the jury. In this case, however, the confession was held voluntary and admitted as evidence suitable for consideration by the jury. In addition, there is no claim that because the hearing was held in the presence of the jury it was inadequate or had any other unfair consequences for the respondent.
Finally, it is clear that the respondent in this case did not object to having the voluntariness of his admission considered in the presence of the jury.”
See also Brown v. State, Fla.App. 2nd, 181 So.2d 578; Gregory v. State, Fla.App. 2nd, 181 So.2d 547; Wade v. State, Fla.App.2d, 204 So.2d 235.
In the absence of a request by defense counsel that the jury be excused during the investigation of the voluntariness of a confession, or in the absence of any objection to such testimony being taken before the jury, such proceedings before the jury do not constitute reversible error unless the court at the conclusion of the investigation finds the confession to have been involuntarily given. In such latter event, a mistrial at that time or a later grant of a new trial would in all probability be required as the jury would have heard evidence indicating that the defendant had confessed. Thus, it is the better practice for the trial court to exclude the jury on the court’s own motion when it perceives that the state is about to put on testimony of a confession or inculpatory statement by the defendant.
As we have heretofore stated, defense counsel made no suggestion that the jury be excused during the testimony relating to the confession and made no objection during the trial to the procedure which was followed. While in our previous opinion in this case we attached significance to the unreported benchside conference between counsel and the trial judge before the judge announced his ruling, an examination of the record shows that this conference was requested by the state and not by the defendant. Although the record does not show what was said at the conference, if defense counsel had any objection, he could have made it on the record.
On reconsideration, we find no reversible error and recede from our previous opinion. The petition for rehearing is granted and the judgment and sentence are affirmed.