HOBSON, Judge.
J. C. Mathew, the defendant below, appeals a judgment and sentence for the crime of aggravated assault.
At the trial, the arresting officer testified that the defendant, after advising him of his constitutional rights, made certain admissions to him. Timely objection was made by defense counsel who requested that the jury be excused while the court determined the voluntariness of the admissions. This objection was overruled.
Later, the defendant himself took the stand in his own behalf and testified essentially the same, as to the facts surrounding the circumstances of the crime, as those he had related to the police officer.
The defendant has raised two points on appeal, the first of which assigns as error the failure of the trial court upon timely objection by defense counsel to excuse the jury during the conduct of the court’s investigation to determine the voluntariness of the defendant’s admissions to the arresting officer.
This court in Wade v. State, Fla.App.1967, 204 So.2d 235, 238, stated:
“Certainly, the better procedure is to determine the voluntariness of the confession out of the presence of the jury. *235 But where the defense counsel makes no request that the jury be excused and the confession is found to have been freely given, failure to conduct the investigation of the voluntariness out of the presence of the jury is not reversible error.” (Emphasis added)
The case at bar is readily distinguished from Wade, supra, in that a timely request to excuse the jury was made by the defense counsel.
However, under the particular facts of this case, if there was any error it was rendered harmless because the defendant himself took the stand and testified essentially to the same facts surrounding the circumstances of the crime as he had related to the police officer. In addition, at no time has the defendant contended that the admissions were not voluntary. He did not do so at the trial nor has he done so on appeal.
The defendant-appellant’s other point on appeal concerns itself with the trial court’s refusal to give defendant’s requested instruction on self-defense and the giving in its stead the court’s own instruction on self-defense. In this regard, defendant submits that the trial court failed to adequately and properly instruct the jury on the law of self-defense^and this fact, coupled with the denial of defendant’s requested instruction, had the effect of nullifying a proper legal defense to the charge of aggravated assault, thereby depriving the defendant of a fair and impartial trial.
We reiterate what the late Justice Hobson said in Askew v. State, Fla.1960, 118 So.2d 219, at page 221:
“ * * * [Wjhen an appellate court passes upon the propriety of the trial court’s refusal to give requested charges, it is duty bound to consider the items refused in connection with all other charges bearing on the same subject. If when thus considered the law appears to have been fairly presented to the jury, assignments of error predicated upon the giving or refusing to give such charges must fail.”
A reading of the court’s instructions on self-defense shows that the law was fairly presented to the jury on that issue.
Affirmed.
LILES, C. J., and ALLEN, J., concur.