CARROLL, DONALD K., Acting Chief Judge.
The appellant was tried and convicted of the crime of possession of a narcotic drug (marijuana) by the Circuit Court for Bay County and has appealed to this court from his judgment of conviction and sentence.
The sole question presented for our determination in this appeal is whether the trial court erred in refusing to grant the defendant’s request during the trial for a hearing outside of the jury’s presence for the purpose of determining the voluntary character of .a confession obtained from him.
Prior to the trial the defendant filed a motion to suppress the said confession, one of the grounds therefor being that the confession was not freely and voluntarily given by him.
At the outset of the trial the defendant’s attorney indicated to the court his intention to forego a pre-trial evidentiary hearing and to challenge the confession at the trial. Thereupon the court stated: “Let the record reflect that this file contains a Motion to Suppress and — two Motions to Suppress. Counsel for, the defendant has announced to the Court that they were not brought on for hearing prior to trial and that because he did not desire to do so and that they would be raised during the trial itself. Is this the understanding?” To the last question the defense counsel responded in the affirmative.
During the trial the State attempted to lay the predicate for the admission of the defendant’s confession, through the testimony of a deputy sheriff and an investigator, both of whom testified outside the presence of the jury. Although the defendant was offered an opportunity to cross-examine the said officers, he was not afforded the opportunity to testify in the absence of the jury on the question of the voluntariness of his confession.
The defendant’s counsel then announced to the court that the defendant wanted to take the stand. The court then stated:
“He’s not entitled to at this time. I can’t recess this trial for a full eviden-tiary hearing. If he wants to take the stand at his expense I certainly would want to hear from him. But the question of the voluntariness of the confession must be determined by the jury if the Court admits it. The jury is instructed that they must consider the circumstances of its making and etc., and is only ruled out where the Court concludes as a matter of law that it is not free and voluntary. Full opportunity was given prior to this trial for a full evidentiary hearing and I just don’t feel that it would be right to open — recess this trial for a evidentiary hearing on the question of evidence. I will, of course, permit the defendant to present any evidence he wants to when it comes his turn.
“Bring the jury back.”
Undoubtedly the defense counsel, in thus announcing his desire to call the defendant as a witness, had in mind the long and firmly established practice in Florida wherein during the trial the court, in the absence of the jury, hears the testimony concerning the voluntariness of a confession and makes a determination thereof.
In two decisions, Brown v. State, 181 So.2d 578 (Fla.App.1966), cert. den. in Brown v. Wainwright, 188 So.2d 814 (Fla.1966), and Allen v. State, 230 So.2d 29 (Fla.App.1970), this court held that this long-time practice had been thoroughly established in Florida and that this prac *323 tice was valid under the recent decision of the United States Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964).
The above practice, however, was not followed either in substance or in spirit, at the trial in the case at bar. As mentioned above, the trial court excused the jury on the State’s request, and a deputy sheriff was examined to determine the admissibility of the defendant’s confession, but the court refused the defendant’s request to take the stand for the limited purpose of testifying regarding the admissibility of the said confession. By that action the court refused to allow a full hearing, out of the jury’s presence, on the question of the admissibility of the confession.
The State then called to the stand an investigator for the sheriff’s office, who testified outside of the jury’s presence concerning the voluntariness of the defendant’s confession.
Subsequently, the jury returned to the jury box and the confession was admitted into evidence without the defendant’s being heard, in or out of the jury’s presence, on the issue of the voluntariness of the confession.
We hold that the trial court committed reversible error in refusing to allow the defendant to testify in the absence of the jury on the issue of the voluntariness of his confession, especially in view of the fact that the court allowed two State witnesses to testify on this issue.
In so holding, we are mindful of the fact that Rule 1.190, subdivision (i), Florida Rules of Criminal Procedure, 33 F.S.A., provides an alternative method of disposing of a motion to suppress a confession. That rule provides that such a motion may be heard at a hearing prior to trial “but the court in its discretion may entertain the motion or an appropriate objection at the trial.” We construe this quoted provision as a recognition of the long-established practice discussed above in this opinion. Furthermore, we think that, under the circumstances shown in this record, the trial court in effect exercised its discretion under the above-quoted provision to dispose of the defendant’s motion to suppress the confession at the trial pursuant to the said Florida practice.
For the foregoing reasons the judgment appealed from herein is reversed and the cause remanded for a new trial, with directions to hold an evidentiary hearing, in the absence of the jury, either before or during the trial, on the issue of the volun-tariness of the defendant’s confession, in accordance with our directions in the analogous case of Allen v. State, supra.
Reversed and remanded with directions.
RAWLS J., concurs; WIGGINTON, J., concurs in part and dissents in part.