BOYD, Justice.
By petition for writ of certiorari, we have for review[1] a decision of the District Court of Appeal, Fourth District, reported at 292 So.2d 420, which allegedly conflicts with Land v. State [2] on the same point of law.
Petitioner (hereinafter referred to as defendant) was charged with forgery. Prior to trial, defendant filed a motion to suppress any oral or written confessions or statements, and immediately attempted to obtain a hearing thereon. In moving to suppress his confession Petitioner relied upon Florida Rule of Criminal Procedure 3.190 (i).[3] There was no available time on the judge’s calendar, so the motion was not heard prior to trial. The case was called to trial, and, after the jury was sworn, defendant requested the court to hear the motion to suppress. The court refused on the ground that counsel should have filed the motion at an earlier date so as to have it heard prior to trial. Thus, the cause proceeded to trial, and defendant’s confession was admitted into evidence over defendant’s objection.
The District Court of Appeal, Fourth District, found that the uncontradicted trial evidence showed that the defendant presented a signed savings account withdrawal slip to the First National Bank of Pompano on an account belonging to Edmond E. Stafford. The signature on the slip did not coincide with the bank’s signature card so the teller sought the advice of a bank vice president. The latter officer discussed the matter with the defendant, who attributed the difference in the signatures to a recent serious illness and hospitalization. When asked for some identification, defendant advised the officer he had none as his wallet was stolen or lost while he was in the hospital. The officer then had the defendant sign another signature card and instructed the teller to honor the withdrawal. Defendant was identified unequivocally by both the teller and officer as the person who had made the withdrawal in question. The owner of the account testified he had never given the defendant permission to make the withdrawal. Other Williams’ rule evidence[4] showed that the defendant had made numerous subsequent similar raids on the same account. While the District Court held that the trial judge erred in refusing to hear the motion to suppress prior to trial, it concluded that from the totality of the evidence, the error was harmless beyond a reasonable doubt, *555 relying on Harrington v. California[5] and Florida’s harmless error statute.[6]
The issue before this Court is whether the erroneous refusal of the trial judge to conduct an evidentiary hearing on a properly filed motion to suppress a confession can be harmless error. We have previously considered this question in Land v. State, supra, and we feel the District Court’s opinion sub judicé construes the harmless error statute in a way that would deny due process of law to the petitioner.
In Land v. State, supra, we held that failure of a trial court to grant the defendant an evidentiary hearing outside of the presence of the jury on a timely motion to suppress a confession allegedly given by the defendant was error of such proportions as to require a new trial. That decision should control in this case.
In Jackson v. Denno [7] the United States Supreme Court held that a separate hearing and ruling on voluntariness of a confession is necessary. The Court said, “It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to admission of the confession to the jury which is adjudicating the guilt or innocence.” The Court held that to deny such hearing would violate the Fourteenth Amendment as to due process of law.
The District Court of Appeal, First District, properly arrived at the conclusions above stated in Allen v. State [8] and Kitchens v. State.[9] In Allen, Judge Carroll stated the essence of the controlling law as follows :
“[T]he precepts of justice under law, we think, can best be observed by awarding a new trial to appellant, with directions to the trial court to hold an evidentiary hearing, either before or during the retrial, in the absence of the jury, as to the issue of the voluntariness of appellant’s confession.”
We reaffirm our holding in Land, supra. Accordingly the decision of the District Court of Appeal, Fourth District, is quashed and the cause remanded for new trial with instruction to hold a separate hearing on the admissibility of the confession prior to admission of the confession to the jury.
It is so ordered.
OVERTON, C. J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.

. Article Y, Section 3(b)(3), Florida Constitution.

. 293 So.2d 704 (Fla.1974).

. Rule 3.190 (i), Rules of Criminal Procedure :
“(i) Motion to Suppress a Confession or Admissions Illegally Obtained.
“(1) Grounds. Upon motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
“(2) Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
“(3) Searing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.”

. Williams v. State, 110 So.2d 654 (Fla.1959), cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86.

. 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

. Section 924.33, Florida Statutes:
“924.33 When judgment not to he reversed or modified. — No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”

. 378 U.S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205 (1964).

. 239 So.2d 33 (Fla.App.1970).

. 240 So.2d 321 (Fla.App.1970).