PER CURIAM.
B.R.S. appeals an adjudication of delinquency for loitering and prowling, contrary to Section 856.021 (1979), Florida Statutes. We agree with the appellant that the trial court erred in denying his timely motion for *195 judgment of acquittal. Because we conclude that the state’s evidence was insufficient, we will not rule on the appellant’s alternate contention that the deputy sheriff did not have a “founded suspicion” to justify appellant’s initial detention.
The state’s case in chief was based entirely on the testimony of a deputy sheriff who had stopped the appellant about 2:45 a. m., coming out of an alleyway. The trial court refused to allow defense counsel to ask the deputy whether he had read the appellant his Miranda rights before requiring him to explain his presence in the area where he was apprehended. Without the Miranda predicate, the deputy’s crucial testimony concerning the appellant’s inconsistent explanations should have been excluded. See State v. Ecker, 311 So.2d 104, 110 (Fla. 1975). And once those explanations are excluded, there being no other competent, substantial evidence supporting the appellant’s guilt, the court’s adjudication of delinquency must be
REVERSED.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.