ZEHMER, Judge.
Having been convicted of two counts of aggravated battery with a firearm and of shooting into a building, Willie Saucier, Jr., defendant below, raises as the sole point on appeal error by the trial court in permitting Deputy Sheriff Kahl to testify, during the state’s case on rebuttal, about certain incriminatory statements made by defendant when taken into custody and before being given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In view of the lack of the requisite Miranda warnings, the state had previously declined to offer this testimony during its case in chief. The state offered it during rebuttal solely as impeachment of defendant’s testimony, as authorized by Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and Nowlin v. State, 346 So.2d 1020 (Fla.1977).
We conclude that the trial court committed error in permitting the rebuttal testimony because the state, during its cross-examination of defendant, did not lay the proper predicate for impeachment based upon the prior out-of-court statements to Deputy Kahl, as required by section 90.614(2), Florida Statutes (1983).[1] Not once during defendant’s testimony did the prosecutor inquire about defendant’s conversation with Deputy Kahl and afford him an opportunity to explain or deny the prior statement. Without laying this predicate, it was improper for the state to simply present Deputy Kahl’s testimony as impeaching defendant’s credibility. Nowlin v. State, 346 So.2d 1020 (Fla.1977).
Furthermore, the trial court declined to instruct the jury that the testimony was being admitted solely to impeach defendant’s testimony, as required by the holding in Nowlin. This was also error. We do not read that decision as leaving the determination of whether the instruction shall be given to the broad discretion of the trial court.
The state argues that the usual predicate for impeachment was not required in view of the provision in section 90.614(2) that “this subsection is not applicable to admissions of a party-opponent as defined in s. 90.803(18).” This argument is based upon a misconstruction of the statute. Subsection 90.803(18) sets forth an exception to the inadmissibility of hearsay based on the implicit recognition that admissions of a party are usually trustworthy and may be received as proof of the truthfulness of the matter stated. Deputy Kahl’s testimony regarding defendant’s prior statement, to be admissible in this criminal prosecution as an admission constituting proof of the matters stated, had to be obtained in compliance with Miranda requirements. The statement had not been obtained pursuant to Miranda, and thus could be admitted only to impeach defendant’s credibility. Since defendant’s statements to Deputy Kahl could not be received as an admission under section 90.803(18) without violating defendant’s constitutional rights under Miranda, the statement is not properly treated as falling within the exception for ad *1284 missions. Wright v. State, 427 So.2d 326 (Fla. 3d DCA 1983). See also Reaves v. State, 458 So.2d 53, 54 n. 3 (Fla. 3d DCA 1984) and the dissent of Judge Hendry at pages 55-57.
The state also argues that even if admission of the evidence was error the judgment should nevertheless be affirmed. First, the state contends that defendant failed to make sufficient objections to the rebuttal testimony to preserve the errors for appellate review. We feel constrained to point out that defense counsel did not articulate the objection to the rebuttal testimony in explicit terms of an insufficient predicate, as required by section 90.614(2), but only on grounds that the admission of the testimony was “prejudicial” to defendant. While we are inclined to agree with the state that this objection left much to be desired and may not have clearly alerted the trial court to the basis for the objection, we decline to base our decision to affirm on the insufficiency of counsel’s objection.
Instead, we agree with the state that admission of the testimony was harmless error in view of the evidence of guilt and the lack of any substantial prejudice to defendant’s right to a fair trial. The record shows that no reference was made to the deputy’s rebuttal testimony in the final arguments by either counsel. Moreover, the statements testified to by Deputy Kahl were ambiguous at best and appeared to us to be more corroborative of defendant’s claim of self-defense than inconsistent with his testimony.
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.

. Section 90.614(2) reads:
(2) Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it, or the interests of justice otherwise require. If a witness denies making or does not distinctly admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible. This subsection is not applicable to admissions of a party-opponent as defined in § 90.803(18).