ERVIN, Judge.
Timothy Smothers raises two issues in this appeal from his conviction of attempted armed robbery. We affirm the first issue, finding it without merit, but reverse as to the second issue, and conclude that reversible error was committed by the trial court.
Smothers was charged with attempted armed robbery of a McDonald’s restaurant. Appellant filed a pretrial motion to suppress a statement he had made to a police officer as involuntary, alleging that he had not been Mirandized at the time the statement was given to the officer. The trial court diol not conduct a hearing on the pretrial motion to suppress, and in fact the prosecution' did not introduce the statement during its ease-in-chief. The state essen *777 tially relied upon the identification testimony of two witnesses at the scene. In defense, appellant offered several alibi witnesses at the trial, who testified that he was at his parents ’ house at the time of the attempted robbery, as well as his own testimony to the same effect as that of his witnesses. During its cross-examination of appellant, the state attempted to introduce the inconsistent pretrial statement in question, reflecting that appellant had advised an officer at the time of arrest that he was at the home of his grandmother, with whom he lived, at the time of the attempted robbery — not at his parents’ house.
In overruling appellant’s objection to the attempted impeachment by means of the inconsistent statement, on the ground that the pretrial statement was involuntarily obtained, the court refused to make a ruling on the voluntariness of the statement, finding that since appellant had taken the stand, he had placed his credibility at issue and was subject to impeachment by the prior inconsistent statement. In doing so, the trial court may have based his ruling on Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), holding that statements taken in violation of the Miranda standards could nevertheless be used for impeachment purposes, if the evidence otherwise satisfied legal standards for trustworthiness. The police officer to whom appellant had made the statement testified in rebuttal that he had given appellant his Miranda rights prior to questioning him.
We agree that the trial court erred in holding the statement in question admissible for impeachment purposes, without ruling on the voluntariness of the statement. If there is an objection to the volun-tariness of a custodial statement by a defendant, the statement may be admitted only i/the trial court finds the statement to be voluntary. While the court is not required to recite conclusory findings, the record must establish that the judge “understood his responsibilities and properly fulfilled them.” Peterson v. State, 382 So.2d 701, 702 (Fla.1980).
The basis of the state’s argument defending the introduction of the statement is that although the trial court failed to rule on its voluntariness, the record otherwise demonstrates it to be so, in that the arresting officer testified on rebuttal and in the presence of the jury that he had advised the defendant of his constitutional rights, by reading him his rights from the standard card carried by him, which the defendant acknowledged that he understood, and then gave the statement. The officer’s testimony that the defendant freely, voluntarily and knowingly gave a confession does not, however, abrogate a trial court’s duty to make such finding before the statement is admitted. Despite the fact that a confession is used only for the purpose of impeaching a defendant’s credibility, the Florida Supreme Court has held that it was nonetheless “error for the trial judge not to make a determination of voluntariness outside the presence of the jury once petitioner objected to introduction of statements for failure of a showing of voluntariness.” Nowlin v. State, 346 So.2d 1020, 1024 (Fla.1977) (e.s.). In addition to so holding, the court refused to apply the harmless error rule.
Nevertheless, there are circumstances in which the failure of the trial court to make findings regarding the voluntariness of a statement is not considered reversible error. In Hoffman v. State, 474 So.2d 1178, 1181 (Fla.1985), the supreme court held that the failure of the trial court to make specific findings regarding voluntariness is not reversible error, if it “is apparent from the record” that the trial court made a determination of voluntariness, (e.s.) See also Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986), wherein the admission of such evidence was approved, despite the absence of any explicit finding by the trial court, on a record indicating that the trial court had made an implicit finding that the statement was voluntary. In the instant case we are unable to state that an implicit finding regarding the voluntariness of the statement was made, because the trial court refused to make such a determination on the erroneous belief that he was not required, under the circumstances, to so find.
*778 Admission of statements made in violation of Miranda can be harmless error, “in view of the evidence of guilt and the lack of any substantial prejudice to the defendant’s right to a fair trial.” Saucier v. State, 491 So.2d 1282, 1284 (Fla. 1st DCA 1986). The harmless error standard requires proof “beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). In the instant case we are unable to say beyond a reasonable doubt that the introduction of the inconsistent statement as to appellant’s location at the time of the attempted robbery did not contribute to the conviction.[1]
Because the only demonstration in the record of the voluntariness of the statement came from the arresting officer’s testimony, and not from any determination by the trial court, we are compelled to reverse the conviction and remand with directions that a new trial be granted. In so holding we note that an error of this sort cannot be corrected by our relinquishing jurisdiction to the trial court in order for it to make an explicit ruling on the issue of voluntariness. See Greene v. State, 351 So.2d 941 (Fla.1977).
REVERSED and REMANDED for a new trial.
MILLS and WIGGINTON, JJ., concur.

. The defendant, as earlier indicated, in addition to his own testimony, presented a number of alibi witnesses — family members and a friend — placing him at his parents’ home at the approximate time the attempted robbery occurred. Although appellant was identified in court by two witnesses as the attempted perpetrator of the crime, one of the two — the witness who stated that appellant had accosted her with a hand gun and demanded money from her— was unable to identify appellant in court until after her memory had been refreshed by her examination of a photographic display.