ON MOTION FOR REHEARING
In their motion for rehearing, appellees argue that although the proffered deposition testimony of Porter would have been admissible during the appellants’ case-in-chief, it was not admissible for purposes of impeachment during rebuttal, absent the foundation required by Section 90.614(2), Florida Statutes, which provides:
(2) Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it, or the interests of justice otherwise require. If a witness denies making or does not distinctly admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible. This subsection is not applicable to admissions of a party-opponent as defined in s. 90.803(18).
(Emphasis supplied). What the appellees essentially argue is that the last sentence of the subsection does not apply where the admission of a party-opponent is offered for the purpose of impeaching the party-opponent.
In support of their argument, appellees cite only one civil case which postdates the adoption of the Florida Evidence Code. That case, Hoctor v. Tucker, 432 So.2d 1352 (Fla. 5th DCA 1983), is not applicable to the issue presented here, because the prior inconsistent statement there was not the statement of a party-opponent. The person who had made the statement in question was not a party to the litigation. Id. at 1353, n. 1.
*276 Appellees also cite several criminal cases, wherein the prosecution attempted, during rebuttal, to offer prior inconsistent statements of defendants, for the purpose of impeaching the defendants’ in-court testimony. In the cited cases, the courts held that the Section 90.614(2) predicate was a condition precedent to use of the prior inconsistent statements for impeachment purposes. These cases are equally inapplicable.
Each of the criminal cases cited involve statements taken in violation of the defendants’ rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but which could be used for impeachment purposes under the holdings in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and Nowlin v. State, 346 So.2d 1020 (Fla.1977). As we explained in Saucier v. State, 491 So.2d 1282 (Fla. 1st DCA 1986), statements taken in violation of the holding in Miranda do not qualify as admissions under Section 90.803(18), Florida Statutes. Consequently, the last sentence of Section 90.614(2), Florida Statutes, simply does not apply to such statements.
Virtually all jurisdictions which require a predicate for the admission of prior inconsistent statements agree that the requirement is excused where the statement is by a party-opponent. In some of these jurisdictions, however the predicate is nevertheless required where the inconsistent statement of a party-opponent is offered only for impeachment. This qualification appears to us to be required by neither the language of the Florida Evidence Code, nor the case law thereunder. We agree with the observation that such “niggling qualifications seem hardly worth their salt and in jurisdictions which otherwise require the foundation question[,] the sensible practice is the simple one of dispensing with the ‘foundation’ entirely in respect to the parties’ admissions.” McCormick, Evidence § 37, at 81 (3d ed. 1985). See generally, McCormick, Evidence § 37 (3d ed. 1985) and 81 Am.Jur.2d Witnesses, § 605 (1976).
Accordingly, the motion for rehearing is denied.
ZEHMER and MINER, JJ., concur.