WOLF, Judge.
Guess appeals from his conviction and sentence for burglary with assault and sexual battery upon a person over 12 years of age. Guess raises three issues on appeal: (1) Whether the trial court erred in refusing to conduct a full proceeding to determine the voluntariness of defendant’s custodial statement; (2) whether the trial court erred in allowing evidence of collateral crimes; and (3) whether the trial court erred in not conducting a Richardson[1] hearing after learning of a potential discovery violation by the state. We affirm as to issues II and III: The evidence of a collateral crime was offered in direct response to defense counsel’s questioning, thus, introduction of this evidence did not constitute error. Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986). The right to a Richardson inquiry was waived when the defense failed to alert the court of the continued necessity for such an inquiry after the police failed to respond to the judge’s order to produce notes which were taken during defendant’s statement. See Brazell v. State, 570 So.2d 919 (Fla.1990) (must alert trial judge of the need for Richardson hearing). These issues merit no further discussion. We must reverse issue I, however, in light of existing law which holds that the failure of the trial court to permit a defendant to testify outside the presence of the jury concerning the volun-tariness of custodial statement is error. Smothers v. State, 513 So.2d 776 (Fla. 1st DCA 1987); Kitchens v. State, 240 So.2d 321 (Fla. 1st DCA 1970).
On the day of trial, Guess filed a motion to suppress and a motion in limine which were directed toward any statements he may have made while in police custody. The motions were not heard prior to trial. At trial, the state proffered the testimony of Officer Archie Robertson concerning the defendant’s statement that he never had sex with the victim.[2] The statement was made while in police custody. The defense objected to the admission of the testimony and requested that the court allow the defendant to testify outside the presence of the jury regarding the voluntariness of the statement. The court refused the request because the defense had not filed a timely motion to suppress. The court did, however, entertain argument on whether the statement was freely and voluntarily given. Defense counsel represented during argument that defendant Guess would testify that “he was confused and misled and misunderstood the thrust of the questioning and did not accurately respond to the questions.” After argument, the judge overruled the objection as to admissibility.
Officer Robertson testified before the jury as to the defendant’s statement. Later in the trial, Guess himself testified that he misunderstood the officer’s questions when he responded that he never had sex with the victim. Guess explained that he was referring to another case where he was charged with sexual battery on a 14 year old.
While the record before this court is devoid of evidence of coercion on the part of the police, the defendant still asserts that the trial court erred in failing to conduct a full proceeding outside the presence of the jury to determine the voluntariness of his confession. The state asserts that the defendant waived his right to the proceeding by not timely filing a motion to suppress.
Prior to admitting a custodial statement of a defendant, the trial court must conduct a proceeding to determine the vol-untariness of the statement. McDonnell v. State, 336 So.2d 553 (Fla.1976); Kitchens v. State, 240 So.2d 321 (Fla. 1st DCA 1970). The obligation to conduct such a proceeding arises once the defendant raises an objection. It does not matter whether the defendant has filed or pursued a motion to suppress. Smothers v. State, 513 So.2d 776, 777 (Fla. 1st DCA 1987). The requirement applies to all custodial statements, whether or not the statement is considered to be a confession or is exculpatory in nature. Id.
*341 At a proceeding to determine volun-tariness, the trial court must make a finding that the confession was voluntary. Simpson v. State, 562 So.2d 742 (Fla. 1st DCA 1990), rev. denied, 574 So.2d 143 (Fla.1990). Such a finding by the court does not require that magic words be used, but it must be ascertainable from the record. Antone v. State, 382 So.2d 1205 (Fla.1980), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980):
However due process is not offended when the issue of voluntariness is specifically before the judge and he determines that statements are admissible without using the magic word ‘voluntary.’
Id. at 1213.
In the instant case, contrary to the appellant’s assertion, the trial court did meet the requirements of Antone where it specifically said it was entertaining argument as to voluntariness, and overruled the objection. See also Hoffman v. State, 474 So.2d 1178 (Fla.1985), reversed on other grounds, 571 So.2d 449 (Fla.1990).
The trial court must also allow the defendant to testify on the issue of voluntariness outside the presence of the jury. See McDonnell v. State, 336 So.2d 553 (Fla.1976); Kitchens v. State, 240 So.2d 321 (Fla. 1st DCA 1970). It further appears that the failure to allow the defendant to testify will mandate reversal and such failure will not be subject to a harmless error analysis. See Land v. State, 293 So.2d 704 (Fla.1974); McDonnell, supra; Kitchens, supra. In light of these cases, we are required to reverse the conviction, since the trial judge failed to allow the defendant to testify outside the presence of the jury as to voluntariness of his confession.
Mandated reversal seems unduly harsh under the circumstances of the instant case: (1) It is apparent that the defendant’s statement was voluntary; (2) the defendant’s later testimony revealed that he really wasn’t challenging the voluntariness of the confession, but only indicated that he misunderstood the question; (3) the statement in question was not a confession but an exculpatory statement; and (4) defense counsel was allowed to argue the substance of defendant’s testimony prior to the determination of voluntariness.
In addition, the United States Supreme Court in Arizona v. Fulminante, — U.S. -, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), indicated that admission of a coerced confession in certain circumstances may constitute harmless error. In the instant case where the statement is clearly not coerced and the error is only procedural, the argument for application of the harmless error doctrine is even more compelling. We, therefore, certify the following questions to be of great public importance:
WHETHER IN LIGHT OF THE SUPREME COURT OPINION IN ARIZONA V. FULMINATE, THE TRIAL COURT’S FAILURE TO ALLOW THE DEFENDANT TO TESTIFY OUTSIDE THE PRESENCE OF THE JURY AS TO VOLUNTARINESS MAY CONSTITUTE HARMLESS ERROR? and
WHETHER UNDER THE CIRCUMSTANCES OF THIS OR SIMILAR CASES THE TRIAL COURT’S FAILURE TO ALLOW THE DEFENDANT TO TESTIFY OUTSIDE THE PRESENCE OF THE JURY AS TO VOLUN-TARINESS MAY CONSTITUTE HARMLESS ERROR?
We reverse and remand for a new trial.
ZEHMER, J., concurs.
BOOTH, J., dissents with written opinion.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. This statement is important as it is inconsistent with the defense of consent which was asserted at trial.