KOGAN, Justice.
We have for review Guess v. State, 579 So.2d 339 (Fla. 1st DCA 1991), which certified the following questions of great public importance:
Whether in light of the Supreme Court opinion in Arizona v. Fulminante,[1] the trial court’s failure to allow the defendant to testify outside the presence of the jury as to voluntariness may constitute harmless error?
Whether under the circumstances of this or similar cases the trial court’s failure to allow the defendant to testify outside the presence of the jury as to voluntariness may constitute harmless error?
Id. at 341. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Phillip Eugene Guess, Jr., was convicted and sentenced for burglary with assault and sexual battery upon a person over twelve years of age. At trial, the court allowed an officer to testify about an exculpatory statement made by Guess while in custody. Guess allegedly told the officer that he had never had sex with the victim. This statement was important because it contradicted the defense’s theory of consent and could have tended to diminish the defense’s credibility.
Defense counsel objected to the testimony and asked the court to allow Guess to testify outside the presence of the jury about the voluntariness of his statement to the officer. The court refused the request on grounds that the defense had not filed a timely motion to suppress. The court did, however, entertain argument about volun-tariness, and then ruled that the statement was admissible.
On appeal, the district court held that refusal to receive the defendant’s testimony on voluntariness outside the presence of the jury was error, and the error was not subject to harmless error analysis. Guess, 579 So.2d at 341 (citing McDonnell v. State, 336 So.2d 553 (Fla.1976); Land v. State, 293 So.2d 704 (Fla.1974); and Kitchens v. State, 240 So.2d 321 (Fla. 1st DCA 1970)). The district court expressed doubts about this holding in light of Fulminante, and certified the two questions.
The State contends that Fulminante requires reversal in this instance. In light of Florida law, we find this contention irrelevant. Article I, section 9 of the Florida Constitution provides an independent basis for the holdings in McDonnell and Land, upon which the district court relied. See Traylor v. State, 596 So.2d 957 (Fla.1992). For that reason, the opinion below is approved. We answer the first certified question in the negative. We find the second certified question moot in light of our holding here. This cause is remanded to the trial court for proceedings consistent with the views expressed above.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
McDONALD, J., concurs in result only.

. — U.S. -, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).