POLEN, Judge.
Brian Smith appeals his conviction for loitering and prowling. We reverse as the trial court erred by allowing the state to make repeated references to his failure to explain his presence and conduct to the police.
In State v. Ecker, 311 So.2d 104 (Fla.1975), the supreme court addressed the constitutionality of the loitering and prowling statute, section 856.021, and in doing so set out the elements of the offense as follows:
Under the provisions of this statute, the elements of the offense are: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. This alarm is presumed under the statute if, when a law officer appears, the defendant flees, conceals himself, or refuses to identify himself. Prior to any arrest the defendant must be afforded an opportunity to dispel any alarm or immediate concern by identifying himself and explaining his presence and conduct. If it appears at a trial that the explanation is true and would have dispelled the alarm or immediate concern, then the defendant may not be convicted under this statute.
Later in the case, when assessing whether the statute violates a defendant’s privilege against self incrimination, the court provided in pertinent part:
We recognize that a defendant cannot be required to “explain his presence and conduct,” this being constitutionally prohibited. We hold that the provision in the statute which affords a person charged thereunder an opportunity to explain his presence and conduct is an additional defense to the charge. Clearly an accused cannot be compelled to explain his presence and conduct without first being properly advised under Miranda standards. If the accused voluntarily explains his presence and such explanation dispels the alarm, no charge can be made.
Id. at 110. See also D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985) (the failure of a defendant to explain his presence and conduct cannot constitutionally be considered as a circumstance tending to establish a justifiable and immediate concern for the safety of persons or property in the vicinity). Since a defendant cannot be required to explain his presence and conduct, it would logically follow that repeated references to a defendant’s failure to do so, as was done by the state in the instant case, would constitute error. The repeated references to Smith’s failure to explain his presence and conduct could have led the jury to believe that was indeed required, and would have been an impermissible comment on his right to remain silent. Accordingly, we reverse Smith’s conviction and remand for a new trial. See also Carroll v. State, 573 So.2d 148 (Fla. 2d DCA 1991) (section 856.021 does not proscribe particular conduct, so it reaches outer limits of constitutionality and must be applied with special care).
We further point out that we do not find that the trial court abused its discretion by not holding a hearing to determine the voluntariness of statements Smith made to the police officers. The objections to the statements were made during the course of the trial, and no pre-trial motion to suppress was filed. Florida Rule of Criminal Procedure 3.190(I)(2) provides that a motion to suppress a confession or an illegally obtained admission shall be made prior to trial unless' there was no opportunity or the defendant *866 was not aware of the grounds for the motion and it is within the court’s discretion to entertain the motion or an appropriate objection at trial. See Parker v. State, 456 So.2d 436, 440 (Fla.1984); Davis v. State, 226 So.2d 257, 259 (Fla. 2d DCA 1969).
WARNER and GROSS, JJ., concur.