PER CURIAM.
L.K.B., a juvenile, was found guilty of loitering or prowling[1] and resisting, obstructing, or opposing a police officer while the officer was executing legal process or executing a legal duty without violence.[2] He was adjudicated a delinquent and placed on community control for the maximum time permitted for these offenses, one and one-half years. He argues on appeal that the evidence at trial was insufficient to support his conviction for both offenses. We affirm.
The evidence at trial established that Ro-billard, manager of a Walgreen drugstore which was open all night, observed L.K.B. and another male companion lounging in front of the drugstore near the pay phone for several hours between 7:30 p.m. and midnight. They were talking loudly. A customer complained to Robillard about their “loud profanities.” Robillard testified that because of L.K.B’s and his companion’s behavior, two customers requested that he escort them to their vehicles. Robillard made a 911 call to the police in order to have L.K.B. and his companion removed from the premises.
Officer Miller responded at approximately midnight. When he pulled into the parking lot, the juvenile and his companion were standing near the pay phone. The officer told them he needed to talk to them a few minutes. Both suspects instantly became aggressive. L.K.B. failed to identify himself. Within seconds, other individuals from a nearby motel came running across the street, yelling at the officer. Three or four other officers arrived and the crowd was subdued.
Officer Miller again addressed L.K.B., stating he needed identification from the juvenile in order to complete the trespass warning, so that he could remove him from *193 the premises as requested by the manager. L.K.B. laughed at him and ran away, refusing to provide any identification. Miller commanded him to stop. L.K.B. continued to run and the officer chased and caught him. Miller testified that he was acting in the course of a lawful investigation when he approached L.K.B. and his companion at the pay phone. See State v. Dilyerd, 467 So.2d 301, 304 (Fla.1985) (stop justified when suspected trespassers were on private property and police had been alerted by authorized person to remove trespassers).
We believe that the evidence at trial was sufficient to sustain the loitering conviction. Under the provisions of the loitering statute, the elements of the offense are: (1) the defendant loitered in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering was under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. State v. Ecker, 311 So.2d 104, 106 (Fla.1975), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975). It is not usual for law abiding juveniles to harass the patrons of a private business for some four hours into the late evening to the extent that two such patrons feel the need for management to escort them to their cars, and management itself is finally forced to put in an emergency call to the police to remedy the situation. See § 856.021, Fla. Stat.; State v. Ecker. Moreover, among the statutory factors that may be considered are flight at the approach of a law enforcement officer and refusal of the suspect to identify, both factors present in this case. See § 856.021(2), Fla. Stat.
As indicated, we also affirm the conviction for resisting a police officer who is performing a legal duty — i.e., conducting a valid Terry stop. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and § 901.151, Fla. Stat. (1995). The officer in this case had an articulable suspicion that L.K.B. was about to commit, and perhaps had already committed, the offense of assault against customers of the drugstore. The fact that the concern of the store manager focused primarily on loss of profits does not alter the fact that he called the police on an emergency basis because L.K.B. and a companion were terrorizing store customers to the extent that two had received escorts to their cars in what management described to the police as “an ongoing ordeal.” L.KB.’s conduct had lasted over a four to five hour period with complaints from customers about profanities. The investigating officer testified that he thought that L.K.B. was about to commit a robbery on a person coming out of the store. If the facts did not reasonably justify that suspicion, they at least justified the suspicion that an assault was imminent. Under these circumstances, the officers were authorized to detain L.K.B. and ascertain his identity. State v. Pye, 551 So.2d 1237, 1239 (Fla. 1st DCA 1989). Flight from that detention was unlawful. M.C. v. State, 450 So.2d 336 (Fla. 5th DCA 1984).
AFFIRMED.
COBB, W. SHARP, GOSHORN, HARRIS, PETERSON and ANTOON, JJ., concur.
GRIFFIN, C. J., dissents with opinion.
THOMPSON, J., dissents with opinion, with which GRIFFIN, C. J., and DAUKSCH, J., concur. '

. § 856.021, Fla. Stat. (1995).

. § 843.02, Fla. Stat. (1995).