COBB, Judge.
This appeal concerns a conviction for loitering and prowling. Around 1:17 a.m. a police helicopter detected a car parked in the parking lot of a closed business, and alerted an investigating deputy, Wilkinson, who responded to the scene. When he arrived Wilkinson saw a vehicle pull out of the parking lot without the headlights on. He stopped the vehicle, which was operated by R.S. with one passenger. Wilkinson arrested R.S. for loitering or prowling pursuant to section 856.021, Florida Statutes (1995) and the latter was subsequently convicted in juvenile court. That statute provides in pertinent part:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of person or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refused to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
At trial the state established that at the time R.S. was stopped by Wilkinson that the latter complied with the statutory require *641 ment of affording both R.S. and his passenger the opportunity to identify themselves and explain their presence and conduct. Wilkinson, however, did not Mirandize[1] the suspects, and at trial, pursuant to a timely defense objection, the response to Wilkinson’s inquiry was properly excluded by the trial court during the presentation of the state’s case. See Smith v. State, 695 So.2d 864 (Fla. 4th DCA 1997); B.R.S. v. State, 404 So.2d 194 (Fla. 1st DCA 1981).
On appeal, R.S. contends that the evidence adduced below was insufficient to support his conviction. He suggests that he and his companion had stopped their car in the parking lot to urinate; presumably, this suggestion is advanced on appeal as a reasonable hypothesis of innocence since no such testimony was presented at trial. Quite possibly that explanation was tendered to Wilkinson at the time of the initial stop, but Wilkinson was not allowed to so testify because of the Miranda problem.
We agree with the trial court that Wilkinson had a sufficient basis to stop and detain R. S., and indeed, the appellant does not contend otherwise. See § 901.151, Fla. Stat. (1995). But the factors which prompted us to sustain the loitering and prowling conviction in L.K.B. v. State, 697 So.2d 191 (Fla. 5th DCA 1997)—i.e., flight, refusal to provide identification, independent witnesses to behavior unusual to law abiding individuals over a protracted period of time — are simply not present in this case.
We cannot agree with the trial court that there was a burden upon R.S. to come forward at trial with a reasonable explanation for his presence and conduct at the scene of the alleged offense. His silence should not have been construed against him at trial and there was a reasonable hypothesis of innocence.
REVERSED.
GOSHORN and PETERSON, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).