WARNER, J.
Appellant was convicted of leaving the scene of an accident with injuries. During the trial, the court allowed a police officer to testify on rebuttal to a statement appellant made to the officer which had been suppressed for failure to give Miranda warnings. We hold that the trial court erred in allowing the officer to testify to this statement without first allowing the appellant to testify or present other evidence on the issue of the voluntariness of the statement. We therefore reverse.
Police officers responded to the scene of an accident in which injuries occurred, but the driver of the vehicle causing the accident left the scene. An officer located the vehicle unoccupied. While the officer was observing the vehicle, appellant approached on foot and provided the officer with documents demonstrating that he was the owner. He told the officer that the truck was his and he was the one driving. After being placed under arrest, appellant told the officer that “he had been at the doctor previously, he may have been given something, and he shouldn’t have been driving.” Appellant also was identified by a witness to the accident.
Prior to trial, defense counsel moved to suppress appellant’s pre and post-arrest statements to the officer because the officer could not recall whether he read appellant his Miranda rights. The court denied the motion as to the pre-arrest statements but granted the motion as to appellant’s post-arrest statement.
At trial in front of a different judge, after the officer testified as to the pre-arrest statements, appellant testified that he was not the person driving the vehicle, but made those statements while he was groggy from anesthesia received during a minor surgery. On rebuttal, over defense objection, the officer testified to appellant’s suppressed post-arrest statement in order to impeach appellant. Defense counsel requested an opportunity to present appellant’s testimony on the issue of the volun-tariness of that statement, but the trial court ruled that the statement was voluntary and permitted the officer to testify.
Although a defendant’s statement that is suppressed as a result of Miranda violations is unavailable to the state during its case-in-chief, the state *815 ment may be admissible as a prior inconsistent statement and used by the state for impeachment purposes. See Harris v. New York, 401 U.S. 222, 224-26, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Before a suppressed statement can be used for impeachment purposes, the statement must be shown to have been made voluntarily. See Nowlin v. State, 346 So.2d 1020, 1024 (Fla.1977). Nowlin states the rule to be applied in this case:
[Wjhenever the state, in order to impeach a defendant’s credibility, chooses to present evidence of a defendant’s incriminating statements which are inconsistent with trial testimony of the defendant and which are inadmissible in the case-in-chief because of the failure of custodial officers to give Miranda warnings, the statements must be shown to be voluntary before they may be admitted.
Id. In order to determine voluntariness, the court must allow the defendant to testify on the issue. See Guess v. State, 579 So.2d 339, 341 (Fla. 1st DCA 1991). “[FJailure to allow the defendant to testify will mandate reversal and such failure will not be subject to a harmless error analysis.” Id.
In this case, while the court held a pretrial suppression hearing, voluntariness was no"t an issue and appellant did not testify regarding the voluntariness of his statement. The trial court suppressed the statement because appellant was under arrest at the time it was made, but the officer did not remember whether he had Mirandized appellant prior to his making the statement. At trial, defense counsel informed the court that a finding of volun-tariness was necessary and that testimony on the issue was required from appellant. Counsel also requested that he be allowed to question the officer on the issue of voluntariness. The court rejected these requests stating it found appellant’s statements voluntary. Just as in Guess, the court relied on counsel’s arguments and failed to permit appellant to offer evidence on the issue of voluntariness when the issue was not examined in the pre-trial suppression. The court erred and the error is not subject to harmless error analysis. See State v. Guess, 613 So.2d 406, 407 (Fla.1992).
We therefore reverse and remand for a new trial.
STEVENSON and TAYLOR, JJ., concur.