DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES ABEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4102

[June 27, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit; Glenn D. Kelley, Judge; L.T. Case No. 50-2015-CF-006456-AXXX-MB.

Ashley D. Kay and Kevin J. Kulik of Kevin J. Kulik, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant was the chief financial officer and controller of a small company. Over the course of several years, appellant misappropriated more than $100,000 in company funds for his personal use. When the company's owners discovered this, appellant confessed to stealing money from them. In order to assist the owners with the investigation, appellant participated in an interview with two Boca Raton Police Department detectives. At that point, he was not under arrest. He was subsequently charged with and adjudicated guilty of one count of grand theft and one count of money laundering.

Appellant raises three issues on appeal, only one of which warrants discussion. At trial, after one of the interviewing detectives testified to the content of the police interview, the state sought to play a recording of appellant's interview for the jury. Appellant then objected, arguing that he was entitled to a hearing outside the presence of the jury regarding the voluntariness of his statement to the police. The court denied appellant's request for a hearing, which appellant argues constituted reversible error. Because the objected-to recording was cumulative to the detective's

unobjected-to testimony, we affirm.

At trial, the jury heard testimony from one of the Boca Raton detectives who attended appellant's interview. She described appellant as fairly candid and "eager to get it off his chest" during the conversation. The detective explained that appellant admitted to stealing from the company in order to purchase a home. Appellant further confessed to the detective that this use of company funds was not authorized. During the interview, appellant explained how he transferred money from one of the company's accounts to another and then issued himself a cashier's check for $45,000 using the transferred funds. According to the detective, appellant estimated that he had taken roughly $125,000 through money transfers like this.

After the detective testified to this information, the state sought to move a recording of the interview into evidence and play the recording to the jury. At this point, appellant raised for the first time an issue of voluntariness, asking for a hearing on the voluntariness of his statements to the police. The court overruled the objection and denied appellant's request for a hearing.

The court then allowed the state to play the recording to the jury. In the recording, appellant admitted to taking funds from the business without authorization and described the process—previously testified to by the detective—by which he did so. During the interview, appellant also described additional unauthorized transactions that had not come up during the detective's testimony. Finally, he gave the $125,000 estimate that the detective had mentioned during her testimony.

Because appellant asserts a denial of due process in the form of a voluntariness hearing, our standard of review is de novo. *Davis v. State*, 227 So. 3d 137, 139 (Fla. 4th DCA 2017).

In *Jackson v. Denno*, 378 U.S. 368 (1964), the United States Supreme Court established that a defendant who timely raises the issue of the voluntariness of his confession is entitled to an independent judicial determination of the voluntariness before the jury hears the confession. *Id.* at 376-77. Florida courts have applied this rule to defendants who timely raise an issue of voluntariness. *See Guess v. State*, 579 So. 2d 339, 340 (Fla. 1st DCA 1991), *aff'd State v. Guess*, 613 So. 2d 406 (Fla. 1992).

It is of course the better practice that a defendant seeking to challenge the voluntariness of an inculpatory statement file a pretrial motion to suppress pursuant to Florida Rule of Criminal Procedure 3.190. *See Smith*

2

*v. State*, 695 So. 2d 864, 865 (Fla. 4th DCA 1997) (holding that trial court did not abuse discretion in denying request for voluntariness hearing that was not timely raised). Still, a defendant that does not file such a motion is entitled to a hearing on voluntariness outside the presence of the jury if he timely raises the issue.

However, no reversible error occurs when a defendant's voluntariness objection pertains to evidence that is duplicative of evidence already presented without objection. *See Mathew v. State*, 209 So. 2d 234, 235 (Fla. 2d DCA 1968). In *Mathew*, the Second District found no reversible error when the defendant objected to the voluntariness of his admissions but later took the stand and testified to "essentially the same" admissions that he contended were involuntarily made. *Id.*

In this case, appellant raised his voluntariness objection only after hearing the detective's testimony summarizing the interview and appellant's confession to stealing $125,000. Notably, appellant did not object to that testimony, which the jury was then free to consider. Instead, appellant waited until the state's introduction of the recording to object. This objection was not timely, as the objected-to admissions contained in the recording were already the subject of unobjected-to testimony by the detective.

Because the recording was cumulative of properly admitted, unobjected-to testimony, appellant's objection was untimely. *See id; Smith, 695 So. 2d at 865.* Therefore, we affirm.

*Affirmed.*

WARNER and TAYLOR, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3