# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0951
Lower Tribunal No. F98-2097A
_____

**Shawn Anthony Singletary,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kristen Kawass, Assistant Regional Counsel, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

LINDSEY, J.

Appellant Shawn Singletary appeals a final order imposing two life sentences following a juvenile resentencing hearing. We affirm.

In 1999, a jury convicted Singletary of premeditated murder in the first-degree and attempted premeditated first-degree murder for a crime he committed when he was seventeen years old. The judge sentenced Singletary to life imprisonment without the possibility of parole on both counts, but subsequently corrected his sentence for attempted murder to a term of thirteen years imprisonment. This Court affirmed his convictions and sentences. See Singletary v. State, 789 So. 2d 493 (Fla. 3d DCA 2001).

Since his original sentencing, the law on juvenile sentencing evolved, and in 2020, Singletary moved for postconviction relief and requested a resentencing hearing pursuant to section 921.1401, Florida Statutes (2021); Graham v. Florida, 560 U.S. 48 (2010) (holding that a life sentence without the possibility of parole for juvenile offenders convicted of non-homicidal crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment); Miller v. Alabama, 567 U.S. 460 (2012) (holding that a sentencing scheme mandating life without the possibility of parole for juvenile offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment); and Falcon v. State, 162 So. 3d 954 (Fla. 2015) (holding that Miller applies retroactively), receded from on other grounds,

Williams v. State, 242 So. 3d 280 (Fla. 2018). After a hearing, the trial court resentenced Singletary to life imprisonment for both counts, to run concurrently, with the entitlement to judicial review after 25 years pursuant to section 921.1402(2)(a), (b), Florida Statutes (2021). Singletary timely appealed.

"The trial court's findings of fact on the statutory factors listed in section 921.1401 are reviewed for the existence of competent, substantial evidence in the record." Hernandez v. State, 325 So. 3d 82, 86 (Fla. 3d DCA 2018). A claim arguing a denial of due process, a constitutional question, is reviewed de novo. Abel v. State, 250 So. 3d 698, 700 (Fla. 4th DCA 2018). But we review unpreserved due process claims for fundamental error. See Gerali v. State, 50 So. 3d 727, 729 (Fla. 5th DCA 2010).

On appeal, Singletary challenges his sentence on three grounds. First, he argues that the resentencing order is not supported by competent, substantial evidence. Second, he argues that he was deprived of due process because the trial court's improper comments demonstrated bias. Lastly, he argues that his sentence runs afoul of Alleyne v. United States, 570 U.S. 99 (2013). We affirm the first two arguments without further discussion and write only to address the third issue.

In Alleyne, the Supreme Court held that any increase in an offense's mandatory minimum is an "element" that "must be submitted to the jury and found beyond a reasonable doubt." Id. at 108. Relevant here, juvenile offenders convicted of first-degree premeditated murder and attempted murder are subject to an enhanced penalty if they were found to have "actually killed, intended to kill, or attempted to kill the victim." §§ 775.082(1)(b), (3)(a)5. Our highest court has held that, in accordance with Alleyne, a defendant is entitled to have a jury determine whether they actually killed, intended to kill, or attempted to kill the victim. Williams, 242 So. 3d at 288.

Singletary argues that there is no such jury finding here because he was charged as a principal. But the jury found Singletary guilty of first-degree murder and attempted first-degree murder "as charged." And the charging document explicitly includes premeditation language for both counts. "Therefore, the finding of intent to kill was 'inherent' in the guilty verdict. See Williams, 242 So. 3d at 289 (holding that general verdict of first-degree murder did not constitute a jury finding of intent that would support a sentence under section 775.082(1)(b)(1) but recognizing that 'a finding of intent to kill would have been inherent in a guilty verdict as to first-degree premeditated murder'); see also Robinson v. State, 256 So. 3d 217, 218 n.1

4

(Fla. 5th DCA 2018) (rejecting similar challenge to defendant's sentence because he was charged only with first-degree premeditated murder and 'so the jury's guilty verdict contain[ed] an inherent unambiguous finding of intent to kill')." Bailey v. State, 277 So. 3d 173, 176 (Fla. 2d DCA) (alteration in original).

Affirmed.